UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW JEFFERY ADDIS,

        Petitioner,                                    Case No. 1:22-cv-879

v.                                                              Honorable Sally J. Berens

MATT MACAULEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.   Procedural background

Petitioner Andrew Jeffery Addis is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Petitioner pleaded guilty in the Delta County Circuit Court to assault with intent to do great bodily harm (AGBH), in violation of Mich. Comp. Laws § 750.84. On November 6, 2017, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to a prison term of 8 to 20 years. Thereafter, Petitioner filed applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal.

Petitioner then filed his first habeas petition in this Court. *Phillips-Addis v. Parish*, No. 1:19-cv-905 (W.D. Mich.). The Court denied the petition on the merits. Petitioner filed two additional petitions: *Phillips-Addis v. Parish*, No. 1:20-cv-631 (W.D. Mich.) and *Phillips-Addis v. Parish*, No. 1:20-cv-661 (W.D. Mich.). The Court transferred those petitions to the Sixth Circuit Court of Appeals as second or successive. The Sixth Circuit denied Petitioner permission to file those petitions in the district court.

Petitioner's present petition would also be considered second or successive except that, since his last petition, he filed a motion for relief from judgment in the trial court and, at least in part, the trial court granted relief. The trial court entered an amended judgment on July 12, 2022, shortening Petitioner's minimum sentence by one year. *People v. Addis*, No. 17 FC 009560 (Delta Cnty. Cir. Ct., Jul. 12, 2022) (ECF No. 1-1, PageID.49).

The new judgment starts a new clock running on the statute of limitations and, because he has not yet challenged this judgment by habeas petition, gives Petitioner a fresh start on the second or successive analysis as well. *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) (applying *Magwood v. Patterson*, 561 U.S. 320 (2010)). Thus, Petitioner is entitled to another bite at the apple; but in his case, the apple is not yet ripe.

**II.      Motion to appoint counsel**

Petitioner has asked the Court to appoint counsel. (ECF No. 6.) Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case. The assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for a court-appointed attorney will therefore be denied.

### III. Motion to supplement

Petitioner has moved to supplement his petition. (ECF No. 9.) By way of his proposed supplement, Petitioner provides additional information regarding a relative who is employed by the Michigan Department of Corrections at the facility where Petitioner is incarcerated. The additional information is not relevant to the conviction or sentence pursuant to which Petitioner is held in custody. Because the petition is properly dismissed without prejudice for lack of exhaustion, see below, the Court will deny Petitioner's motion to supplement as moot.

### IV. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present[]" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). He has not and cannot meet that burden. Although Petitioner repeats some issues he

5

raised in his earlier petition and in his earlier appeals, he has not previously raised those issues as challenges to this judgment in the appellate courts. Additionally, Petitioner raised entirely new issues by way of his motion for relief from judgment. Any new challenges have never been fairly presented to all levels of the state court system. Petitioner has filed an application for leave to appeal to the Michigan Court of Appeals. *See People v. Phillips-Addis*, No. 362194 (Mich. Ct. App.), Case Information, available at https://www.courts.michigan.gov/c/courts/coa/case/362194 (last visited Oct. 11, 2022). That application remains pending.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his federal habeas issues: he may continue to pursue his appeal in the Michigan appellate courts. He must raise his habeas issues in the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has failed to exhaust his state court remedies with respect to any of the issues he raises in the petition, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying Petitioner's motions, and denying a certificate of appealability.

Dated: October 13, 2022 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge